UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NOLLIS MALCOLM

Plaintiff,

vs.  Case No.: 3:09-CV-35-J-25JRK

MASTEC, INC.,
a Florida Corporation,

Defendant.
_____/

## COMPLAINT

1. Plaintiff, NOLLIS MALCOLM (hereinafter referred to as "Plaintiff"), was an employee of Defendant MASTEC, INC., a Florida Corporation, (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and other similarly situated employees of Defendant for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et seq.

2. At all times material hereto, Plaintiff performed non-exempt duties as an installation technician for the Defendant in Duval County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff, NOLLIS MALCOLM was hired by Defendant in approximately 2003 and was employed by Defendant until approximately February, 2008.

4. Based upon the information preliminarily available, and subject to discovery in this cause, Plaintiff's typical weekly schedule, which was sometimes longer, included six (6) days per week, (oftentimes seven (7)) for an understated average

1

of approximately sixty five (65) hours per work week. Plaintiff was never paid for his overtime hours.

6. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

7. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

8. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

9. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendant.

10. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendant.

11. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant, MASTEC, INC., was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of

the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

12. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §201 et seq. in that Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

13. The additional persons who may become Plaintiffs in this action are Defendant' non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after December 2005 and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

14. Plaintiff has retained the law office of Card & Glenn, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for

each hour worked in excess of Forty (40) hours per work week.

17. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

18. Defendant knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) hours per week.

19. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

20. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

21. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, NOLLIS MALCOLM , and those similarly situated to him who have or will opt into this collective action, demand judgment against Defendant, MASTEC INC., for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

Dated: January 6, 2009                     Respectfully submitted,

_____
Andrew I. Glenn
E-mail: Andrew@floridaovertimeattorneys.com

4

Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: Dennis@floridaovertimeattorneys.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiff