## SETTLEMENT AGREEMENT FOR NOLIS MALCOLM AND MASTEC

This Settlement Agreement and General Release ("AGREEMENT") is entered into by and between Nollis Malcolm ("MALCOLM") and MasTec, Inc. ("MASTEC").[1]

### RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS,** MALCOLM filed a Lawsuit against MASTEC that is currently pending in the United States District Court for the Middle District of Florida, and that is designated as <u>Nollis Malcolm v. MasTec, Inc.</u>, Case No. 3:09-CV-35-J-25JRK (the "Lawsuit"); and

B. **WHEREAS,** MASTEC denies the validity of MALCOLM's claims and denies that it is subject to any liability; and

C. **WHEREAS,** all wages concededly due to MALCOLM have been unconditionally paid; and

D. **WHEREAS,** the Parties wish to settle their differences without resort to further litigation; and

E. **WHEREAS,** MASTEC is willing to provide MALCOLM with certain considerations described below, which it is not ordinarily required to, provided MALCOLM dismisses his Lawsuit with prejudice, releases MASTEC from any claims MALCOLM has made or might make arising out of his employment with MASTEC, and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the terms:

   A. "MASTEC" shall include the following:

---

[1] Plaintiff improperly names MasTec, Inc. as Defendant in his Complaint. In reality, Plaintiff was employed by MasTec Services, Inc., not MasTec, Inc., during the relevant time period of his Complaint. Therefore, throughout this settlement agreement, "MASTEC" refers to MasTec, Inc. and MasTec Services, Inc.

(i) MasTec, Inc. and MasTec Services, Inc, as well as their predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations; and

(ii) the officers, directors, trustees, insurers, shareholders, partners, current and former employees, attorneys and agents, past and present, of each of the aforesaid entities of any entity encompassed by subparagraph (A).

3. **Settlement Sum:** As consideration for MALCOLM signing this AGREEMENT and compliance with the promises made herein, MASTEC agrees to pay a total of SIX THOUSAND FIVE HUNDRED DOLLARS AND 00/100 CENTS ($6,500.00), less lawful deductions, as follows:

   a. MASTEC shall issue payment in the amount of Seven Hundred Fifty Dollars ($750.00), less applicable taxes and deductions, payable to MALCOLM. This payment shall be characterized as back wages, and MASTEC will issue MALCOLM an IRS form W-2; and

   b. MASTEC shall issue payment in the amount of Seven Hundred Fifty Dollars ($750.00) payable to MALCOLM. This amount shall be characterized as income, and MASTEC will issue MALCOLM an IRS Form 1099; and

   c. MASTEC shall issue payment in the amount of Five Thousand Dollars ($5000.00) payable to Card & Glenn, P.A., Tax Identification Number 80-0264765 for attorney's fees and costs, and shall issue the appropriate IRS Forms 1099 to Card & Glenn, P.A. and MALCOLM for this amount.

   d. MASTEC shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (1) a facsimile of this AGREEMENT appropriately signed and dated by MALCOLM; and (2) an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against MASTEC in the matter of <u>Nollis Malcolm v. MasTec, Inc.</u>, Case No. 3:09-CV-35-J-25JRK, currently pending in the United States District Court for the Middle District of Florida. This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after MASTEC has received from MALCOLM all of the items described in this paragraph). MALCOLM shall also provide a signed original of the AGREEMENT for execution by MASTEC's representative. MALCOLM will be provided with a copy of the fully executed AGREEMENT.

4. **Consideration:** MALCOLM understands and agrees that he would not receive the monies and/or benefits specified in paragraph 3 above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

2

5. **Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, MALCOLM agrees to the dismissal with prejudice of his Lawsuit filed against MASTEC (and any other claims or assertions of liability that may exist). In addition, MALCOLM, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges MASTEC and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, insurers and the officers, directors, trustees, insurers, shareholders, partners, current and former employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that MALCOLM may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to MALCOLM prior to the execution of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits. MALCOLM forgoes any and all rights to participate in a class or collective action alleging violations of the Fair Labor Standards Act.

    This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT; nor shall any provision of this AGREEMENT be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

6. **Tax Liability:** MALCOLM understands that MASTEC shall issue IRS Form 1099s for the payments specified in paragraph 3(b) and (c) of this AGREEMENT, that are not subject to withholding. In paying the amount specified in paragraphs 3(b) and (c), MASTEC makes no representation regarding the tax consequences or liability arising from said payments. MALCOLM understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. MASTEC has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a) and (b) of this AGREEMENT to MALCOLM). MALCOLM agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. MALCOLM further agrees to hold MASTEC harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event MASTEC receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against MASTEC, MASTEC shall promptly, after receipt

of such written notice, notify MALCOLM by letter sent to counsel for MALCOLM.

7. **Affirmations:** MALCOLM represents and affirms that, other than his Lawsuit, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against MASTEC with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. MALCOLM further represents and affirms as a material term of this AGREEMENT that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.

8. **No Further Employment:** MALCOLM acknowledges that his employment with MasTec ended effective February 6, 2008. MALCOLM permanently, unequivocally, and unconditionally waives any and all rights MALCOLM may now have, may have had in the past, or may have in the future to obtain or resume employment with MASTEC. MALCOLM agrees never to apply for employment with MASTEC, its parent, successors, affiliates, and subsidiaries. In the event that MALCOLM is ever mistakenly employed by MASTEC, its parent, successors, affiliates, and/or subsidiaries, MALCOLM agrees to have his employment terminated with no resulting claim or cause of action against MASTEC, its parent, successors, affiliates, and/or subsidiaries.

9. **Confirmation of Employment:** MasTec agrees to provide confirmation of MALCOLM's employment and dates of employment through a telephone number provided to all former employees for that purpose. The information provided is limited to confirming dates of employment with MasTec.

10. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

11. **Confidentiality:** In consideration of the obligations under this AGREEMENT, MALCOLM agrees that this AGREEMENT and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither MALCOLM nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of MASTEC, under any circumstances. Notwithstanding the foregoing, MALCOLM may discuss any information that is in the public record relating to his Lawsuit or other truthful information relating to his Lawsuit, provided that he not disclose or disseminate, directly or indirectly, any information relating to the terms of this

4

AGREEMENT or the consideration paid by MASTEC pursuant to this agreement. MALCOLM may disclose the terms of this AGREEMENT to his attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency.

(A) If MALCOLM is required to disclose this AGREEMENT or its terms pursuant to court order and/or subpoena, MALCOLM shall notify MASTEC, in writing via facsimile or overnight mail, within 24 hours of his receipt of such court order or subpoena, and simultaneously provide MASTEC with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 18. MALCOLM agrees to waive any objection to MASTEC's request that the document production or testimony be done *in camera* and under seal.

(B) MALCOLM acknowledges that a violation of paragraph 11 or any of its subparts would cause immeasurable and irreparable damage to MASTEC in an amount incapable of precise determination. Accordingly, for any proven violation by Plaintiff of the agreements and covenants in this paragraph, as determined by a court of competent jurisdiction, MALCOLM shall return to MASTEC the sum of **One Thousand Five Hundred Dollars ($1,500.00)** within ten (10) days of the court's ruling, and the AGREEMENT, including the release, shall remain in full force and effect. The prevailing party shall be entitled to its attorneys' fees and costs.

(C) The Parties agree that the terms of paragraph 11 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 11 and 11(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state of Florida.

12. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by MASTEC of any liability or unlawful conduct of any kind.

13. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. MALCOLM agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver

of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only the General Counsel of MASTEC has the authority to modify this AGREEMENT on behalf of MASTEC.

15. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

    To the extent that any release or dismissal in this AGREEMENT is deemed to be illegal, invalid, or unenforceable, MALCOLM agrees to execute a valid full and final release of equal scope, covering any and all claims in favor of MASTEC in exchange for the payments set forth in paragraph 3 of this AGREEMENT in the event such payments have not already been made, in order to effectuate a dismissal with prejudice of his Lawsuit filed against MASTEC.

16. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

17. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of MASTEC to MALCOLM, except any agreement related to confidential and proprietary information, inventions, patents and copyrightable works. MALCOLM acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

18. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the

Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

MasTec
c/o John T. Stembridge
Littler Mendelson, P.C.
3344 Peachtree Road, N.E.
Suite 1500
Atlanta, Georgia
404.760.3903

Nollis MALCOLM
c/o Andrew I. Glenn
Card & Glenn, P.A.
2131 Hollywood Boulevard
Suite 405
Hollywood, FL 33020
954.921.9994

19. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, MALCOLM FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST MASTEC.**

**(SIGNATURES ON FOLLOWING PAGE)**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated: _____   By: _____
                                       MASTEC

Dated: *November 12-09*          By: *Nollis W. Malcolm*
                                       NOLLIS MALCOLM

Firmwide:91557649.3 040446 1103

8

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated: 11/3/09

By: _____
MASTEC   Alberto de Cardenas, EVP & G.C.

Dated: _____

By: _____
NOLLIS MALCOLM

Firmwide:91557649.3 046446.1103

8